## James M. Bowling *v.* Harriett Bowling

### [40 South. Rep., 871.]

Unlawful Detainer. *Vendor and vendee. Executory contract. Failure to tender deed.*

> After the death of the grantee in an executory contract for the sale of lands, signed only by the grantor, his widow and sole heir cannot defend an action of unlawful detainer for the possession of the land on the ground that she was not tendered a deed before suit, where, after her husband's death, she refused, without predicating her refusal of the grantor's failure to tender her a deed, either to pay the purchase money due for the land or to surrender its possession.

From the circuit court of Calhoun county.

Hon. J. T. Dunn, Judge.

James M. Bowling, the appellant, was plaintiff in the court below; Mrs. Harriett Bowling, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The action was an unlawful detainer for the possession of land. The facts are stated in the opinion of the court.

*J. J. Adams,* and *Mayes & Longstreet,* for appellant.

The court below expressly based its finding on *Moak* v. *Bryant,* 51 Miss., 560, and other similar authorities, holding that the vendor praying for specific performance or seeking to recover land must first put the vendee or those claiming under

him in default by tendering a deed and demanding payment of the purchase money after condition bargain or maturity of the debt.

In this the court below was in error. In the first place, it was not necessary to follow the rule with respect to tender of proper conveyance where there had been a breach of an executory contract to pay the purchase money and receive conveyance, and in this instance a tender had been made unnecessary by two very material occurrences:

1. T. J. Bowling had not paid the purchase money at the maturity of the debt or when demanded of him afterwards or before his death, which occurred on the 30th day of December, and

2. Mrs. Harriett Bowling expressly informed J. M. Bowling that she would not pay for the land nor surrender possession. It is unquestionably the law in Mississippi, as well as in other states, that "where it is clear, from the circumstances, that the tender of a conveyance would have been vain and unavailing, a formal tender of a conveyance will always be excused." *Bucklen* v. *Hasterlik,* 155 Ill., 423; *Brown* v. *Norcross,* 59 N. J. Eq., 427; *Church of Christ* v. *Penington,* 10 Ohio Cir., 74; *Maxwell* v. *Pittenger,* 3 N. J., 137; *Lee* v. *Stone,* 21 R. I., 123.

*Ford & Haman,* for appellee.

Can a vendor dispossess his vendee in a case like this without first putting the vendee in default by tendering a deed and demanding payment of the purchase money.

This question was settled in the negative by the supreme court of this state in its earliest decisions. In *Klyce* v. *Broyles,* 37 Miss., 524, this court expressed great surprise that a question so long and well settled as the one here involved should again be mooted, citing fifteen cases in which this precise point had, even at that early date, been decided, and always in the negative. Some of them were *Arthur* v. *Pearson,* 32 Miss., 131; *Walton*

v. *Wilson,* 30 Miss., 576; *Ib.,* 258; *Ib.,* 273; *Johnson* v. *Jackson,* 27 Miss., 498, and others, many of which were cited by this court in *Moak* v. *Bryant,* 51 Miss., 560.

The covenants of the parties to this suit are mutual and dependent, and contemplate contemporaneous performance. Before this action can be maintained by the vendor, he must put the vendee in default. It was said by this court in *Moak* v. *Bryant, supra,* on page 564, that "if the vendor has acquiesced in the failure of the vendee to fulfill his covenants, it is but equitable and just (so that the purchaser may not be taken by surprise) that the vendor should apply for payment, and at the same time offer to perform his covenants." To put the vendee in default, he must tender her a deed and demand payment. *Klyce* v. *Broyles, supra,* and the many cases there cited. In this case the payment of the purchase money and the making of the deed was to be done at the same time, as fixed in the bond for title, on November 15, 1904, and Bowling did not mention the matter until sometime in March, 1905. He never tendered appellee a deed.

Argued orally by *James C. Longstreet,* for appellant.

CALHOON, J., delivered the opinion of the court.

This is a proceeding in unlawful detainer. J. M. Bowling, the appellant, signed and delivered to T. J. Bowling, now deceased, the following paper:

"STATE OF MISSISSIPPI, CALHOUN COUNTY, Aug. 11, 1904.

"This contract, entered into between J. M. Bowling, party of the first part, and T. J. Bowling, the party of the second part, is as follows: That party of the second part agrees to pay party of the first part one hundred and eighty-five ($185.00) dollars, with ten per cent interest, on or before November 15th, 1904, for which party of the first part agrees to make party of the second part a warranty deed to certain property in the above-mentioned state and county, and lying and being in the town of

Vardaman, to wit, one house and lot, No. 4 in block 19; also lot 1 in block 19.            (Signed)          J. M. BOWLING."

T. J. Bowling did not sign the paper, bound himself in no covenant, and no part of the money was ever paid, and with matters in this posture some months after the date for payment, he died.    His widow and heir was in possession.    She was repeatedly seen by J. M. Bowling, and requested to either restore the land, or pay the money, or to take time and pay rent for it.    Finally she refused to do either, or to do anything unless compelled by the courts, not intimating that her refusal was because no conveyance was tendered to her.

Tender was unnecessary under these circumstances.    All the cases requiring it are where the obligations under the writing were dual, or where they were made so by part or full payment, or ratified by the vendee by filing a bill to compel performance.

*Reversed and remanded.*